STATE OF NORTH CAROLINA ) IN THE GENERAL COURT OF JUSTICE
) SUPERIOR COURT DIVISION
COUNTY OF WAYNE ) FILE NO.: 22 CVS 958
)
)
CAROLYN CALAFIORE, )
      Plaintiff, ) **COMPLAINT**
) **(Jury Trial Demanded)**
vs. )
)
SCHINDLER ELEVATOR )
CORPORATION, previously known as )
SCHINDLER HAUGHTON )
ELEVATOR CORPORATION, )
      Defendants, )

NOW COMES Plaintiff, by and through counsel, Billy Strickland, II, Strickland Agner Pittman, complaining of Defendant as follows:

## PARTIES

1. Carolyn Calafiore (hereinafter "Plaintiff") is a citizen and resident of Goldsboro, Wayne County, North Carolina.

2. Upon information and belief, Schindler Elevator Corporation, previously known as Schindler Haughton Elevator Corporation (hereinafter referred to as "Defendant"), is a corporation registered with the North Carolina Secretary of State having SOSID Number 0129635.

3. Upon information and belief, CT Corporation System is listed with the North Carolina Secretary of State as the registered agent for Defendant with a mailing address of 160 Mine Lake Court, Suite 200, Raleigh, Wake County, North Carolina.

4. Upon information and belief, Defendant is a foreign corporation with a principal office located at 20 Whippany Road, Morristown, New Jersey.

5. Plaintiff is of the age of majority and not incompetent.

6. Upon information and belief, Plaintiff is not an active-duty member of the United States Armed Forces.

## JURISDICTION, VENUE & DIVISION

7. Plaintiff reincorporates and re-alleges the previous allegations as though fully set forth herein below.

8. Upon information and belief, Plaintiff resides in Goldsboro, Wayne County, North Carolina.

9. Upon information and belief, Defendant is registered with the North Carolina Secretary of State to conduct business in North Carolina.

10. The incident giving rise to this action occurred in Goldsboro, Wayne County, North Carolina.

11. The Court has jurisdiction pursuant to N.C. Gen. Stat. §§1-75.3, 1-75.4.

12. Venue is proper in Wayne County, North Carolina pursuant to N.C. Gen. Stat. §1-82, because at the current time, Plaintiff resides in said county.

13. Pursuant to N.C. Gen. Stat. §7A-242 Superior Court is the proper division for the trial of this action because the amount in controversy is in excess of $25,000.00.

## FACTUAL ALLEGATIONS

14. On or about September 6, 2019, Plaintiff was existing elevator #6 on the second floor of Wayne Memorial Hospital.

15. As Plaintiff stepped off the elevator, she fell.

16. After falling, Plaintiff noticed the elevator did not meet the level of the floor.

17. The gap between the elevator and the floor was approximately 2-3 inches.

18. Defendant had been working on elevator #6 prior to Plaintiff falling.

19. Defendant had been performing constant maintenance on the elevators since before the date of Plaintiff's fall.

20. Plaintiff sustained a severe knee injury as a result of the fall due to the gap between the floor and the elevator.

21. Plaintiff required knee surgery to repair a torn meniscus in her left knee which was injured as a result of the fall.

## NEGLIGENCE

22. Plaintiff reincorporates and re-alleges the previous allegations as though fully set forth herein below.

23. Defendant was negligent in one or more of the following respects:

   a. Failed to properly instruct employees, agents or servants in the proper method of maintaining the operation of the elevator.

   b. Failed to keep elevators in proper alignment with the floors.

   c. Failed to exercise reasonable care.

d.  Failed to inspect the elevators for any flaws such as a difference in the alignment with the floor and the elevator floor causing a risk of injury to the public.

e.  Failed to notify the pubic of the possible dangers with the elevator alignment.

f.  Was otherwise negligent as will be shown by the evidence at trial of this matter.

## DAMAGES

24. As a direct and proximate result of Defendant's negligence, Plaintiff:

    a.  Suffered severe, permanent and painful bodily injuries;

    b.  Experienced severe pain and suffering as a result of the incident and injuries, and will continue to experience future pain and suffering in the body and mind;

    c.  Incurred, and will likely continue to incur in the future, medical and other health care related expenses for necessary medical treatment;

    d.  Experienced discomfort and distress in performing Plaintiff's day to day activities and will continue to experience those problems in the future.

    e.  Required necessary and reasonable medical treatment for her injuries sustained in the incident;

25. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages in an amount to be determined at trial, but in any case, in excess of $25,000.00.

26. Plaintiff was not contributorily negligent. However, if Plaintiff was contributorily negligent in any way, which is denied, then Defendant had the last clear chance to avoid the incident and failed to do so, and, as such, Plaintiff pleads Last Clear Chance in bar and abrogation of any purported defense of contributory negligence.

WHEREFORE, Plaintiff prays judgment of the Court as follows:

1.  That Plaintiff have and recover from Defendant for all damages incurred or to be incurred, an amount to be determined by a jury, but in any event, in excess of $25,000.00 with interest as allowed by law;

2.  That Plaintiff have and recover attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1;

3.  That Plaintiff recover the costs of this action as allowed by law;

4.  That Plaintiff be granted a jury trial as provided by law;

5.  That this action be tried before a jury; and

6.  That Plaintiff be granted such other and further relief as the Court may deem just, equitable, necessary and proper.

This 2nd day of June 2022.

                              STRICKLAND AGNER PITTMAN
                              Attorneys for Plaintiff

BY: _____
       Billy Strickland, II
       N.C. State Bar No.: 33601
       Attorney for Plaintiff
       112 North William Street
       Goldsboro, North Carolina 27530
       Telephone: 919-735-8888
       Facsimile: 919-735-8450
       Email: billy@stricklandlawnc.com